243 F.2d 166
 Cy GIRARD, Sam R. Girard, Herbert A. Girard, as Executors of the Estate of Frank Goldberg, Deceased, and Sadie P. Goldberg, Appellants,
v.
Edwin GILL, Formerly Collector of Internal Revenue, Appellee.
 No. 7329.
 United States Court of Appeals Fourth Circuit.
 Argued January 16, 1957.
 Decided April 4, 1957.
 
 Morris B. Abram, Atlanta, Ga. (Charles F. Wittenstein, Atlanta, Ga., on the brief), for appellants.
 Carolyn R. Just, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Hilbert P. Zarky, Attys., Dept. of Justice, Washington, D. C., and Edwin M. Stanley, U. S. Atty., Greensboro, N. C., on the brief), for appellee.
 Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and WILLIAMS, District Judge.
 PER CURIAM.
 
 
 1
 This case is one of a group of six in which joint counsel for the taxpayers negotiated with the Commissioner of Internal Revenue for settlement of proposed deficiencies or overpayments. This particular case involved a deficiency. A single proposal was orally submitted by the taxpayers' counsel to cover the entire group of cases. The agreement, informally reached, was reduced to formal offers on Treasury Form 870-TS, and on the back of each form it was stated that the offer is "subject to acceptance by or on behalf of the Commissioner * * * to take effect * * * from the date * * * accepted * * * and if not thus accepted, will have no force or effect."
 
 
 2
 The Commissioner ultimately accepted all the offers and agreed to refunds of assessments in some of the cases, which were applied in reduction of the deficiencies and agreed upon in the taxpayers' case. This significant stipulation is revealed in the record below: "* * * separate deficiencies or overpayments were proposed in each of the six cases. The overpayments to which some of these taxpayers were entitled were, by their agreement, applied to the deficiency due from the estate of Frank Goldberg."
 
 
 3
 In the other five cases, the Commissioner duly notified the taxpayers of his acceptance of their offers, but in the instant case no such notice was given, except inferentially, when demand for payment was made by the Commissioner on July 10, 1952, ten days after the expiration of the period of limitations on June 30, 1952, although the assessment was made on June 30. The taxpayers paid the assessment and thereafter claimed refund. They make the point that notice of acceptance should have been given them before limitations expired.
 
 
 4
 Ordinarily, the practice is to give such notice. We need not reach the question as to whether notice of acceptance is mandatory for, under the circumstances of this case, we think the taxpayer is not in position to raise the point, having availed himself of the benefit of refunds in the cases which were handled as a unit with the instant case. We think it fair, moreover, to consider that these taxpayers actually had, in the particular circumstances, ample notice of acceptance of their offer in this case in view of its relationship to the remaining cases of the group.
 
 
 5
 Affirmed.